UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles Michael Geiger, et al., | Court File No. 14-cv-1576 (JRT/LIB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Minnesota Department of Human Services, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon Defendants' Motion to Dismiss, [Docket No. 18]. The present case has been referred to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons articulated herein, the Court recommends **GRANTING** Defendants' Motion to Dismiss, [Docket No. 18].

## I.    STATEMENT OF ALLEGED FACTS

Plaintiff Charles Michael Geiger ("Plaintiff"), a patient civilly committed to the Minnesota Sex Offender Program ("MSOP"), proceeding *pro se*, initiated the present case on or about May 19, 2014, naming as Defendants the Minnesota Department of Human Services, the Minnesota Sex Offender Program, Lucinda Jesson, Jannine Hebert, Kevin Moser, Peter Puffer, Jim Berg, Ann Zimmerman, Terry Kneisel, Troy Basaraba, Pat Grundmeier, Craig Berg, Scott Niemeyer, and unidentified John and Jane Does (collectively, "Defendants"). (Compl. [Docket No. 1]). In his May 19, 2014 Complaint, Plaintiff demands relief pursuant to 42 U.S.C. § 1983, alleging that Defendants "have and continue to deprive Plaintiffs'[1] of rights and privileges." (Id.

---

[1] Two Plaintiffs originally initiated the present case, Mr. Geiger and Kenny S. Daywitt. Mr. Daywitt has since voluntarily dismissed his claims and withdrawn from the present case. (See [Docket Nos. 12, 13, 14, and 26]).

¶ 1). Plaintiff generally references causes of action pursuant to 42 U.S.C. § 1983, the Minnesota State Constitution, the Patient's Bill of Rights, the Civil Commitment and Treatment Act, and "administrative rules and internal agency policies." (<u>Id.</u> ¶ 2). Plaintiff sues all named Defendants in both their individual and official capacities. (<u>Id.</u> § V, ¶ 9M).

Specifically, Plaintiff alleges that Defendants, collectively, were deliberately indifferent to and failed to protect Plaintiff from a sexual assault. Plaintiff alleges that on April 19, 2014, MSOP Security Counselors Pat Grundmeier and Craig Berg were training Security Counselor Scott Niemeyer to perform pat-down searches of MSOP patients. (<u>Id.</u> ¶ 11). Plaintiff alleges that Defendant Niemeyer stated, "I choose you first," referring to Plaintiff, and proceeded to tightly grip Plaintiff's skin to the point of causing Plaintiff pain. (<u>Id.</u> ¶ 12). Defendant Niemeyer allegedly moved his hands down Plaintiff's waist, touched Plaintiff's buttocks and butt crack, and pulled the waist of Plaintiff's pants so as to see down his pants. (<u>Id.</u>) Plaintiff alleges that Defendant Niemeyer grabbed Plaintiff's buttocks and groin area and touched Plaintiff's penis and testicles. (<u>Id.</u>) Defendant Niemeyer allegedly pinched Plaintiff's chest, stomach, and buttocks, and while attempting to "wand" Plaintiff between his legs, Defendant Niemeyer "struck him in the groin, and the buttocks." (<u>Id.</u>) Plaintiff alleges that he complained during the pendency of the search and that Security Counselors Grundmeier and C. Berg were present during the search but said nothing. (<u>Id.</u>) Plaintiff alleges that "due to the extreme demonstration of deliberate indifference to the Plaintiffs' safety at the hands of the Defendants', the Plaintiffs' were senselessly and sexually assaulted at the hands of S.C. Scott Niemeyer." (<u>Id.</u> ¶ 14). Plaintiff alleges that as a direct result of the above-described sexual assault, Plaintiff has experienced and continues to experience migraines, post-traumatic stress disorder, flashbacks, nightmares, depression, and emotional and psychological distress. (<u>Id.</u> ¶ 15).

Plaintiff's May 19, 2014 Complaint specifically alleges four (4) claims against Defendants collectively: one count of deliberate indifference to an extreme risk of sexual assault, in violation of the Fourteenth Amendment and the Minnesota State Constitution; one count of failure to equally protect Plaintiff from sexual assault, in violation of the Fourteenth Amendment and the Minnesota State Constitution; one count of common law intentional and negligent infliction of emotional distress; and one count of common law negligence. (Id. at Counts I-IV). Additionally, Plaintiff makes passing, superficial references to the First Amendment, the Fourth Amendment, and Defendants' general failure to train and supervise MSOP employees.

On August 8, 2014, in response to Defendants' Motion to Dismiss, [Docket No. 18], Plaintiff filed an Amended Complaint.[2] (Amended Compl. [Docket No. 27]). In his Amended Complaint, Plaintiff names two previously unnamed individuals as Defendants, Nancy Johnston and Matthew Brown.[3] (Id.) Plaintiff removes all mention of previously named Defendants Jannine Hebert, Peter Puffer, Jim Berg, Ann Zimmerman, and Craig Berg. (Id.)

Aside from changes to the named Defendants, Plaintiff's Amended Complaint largely replicates the allegations contained in Plaintiff's original Complaint. Plaintiff generally alleges violations of his procedural and substantive due process rights; violations of his Fourth Amendment rights; and causes of action pursuant to 42 U.S.C. § 1983, the Minnesota State Constitution, the Patient's Bill of Rights, the Civil Commitment and Treatment Act, and

---

[2] On August 11, 2014, the Undersigned issued an Order specifically construing Plaintiff's Amended Complaint as his response to Defendants' Motion to Dismiss, [Docket No. 18]. (Text Order [Docket No. 28]).

[3] On the present record before the Court, it is unclear whether Plaintiff has properly served Ms. Johnston and Mr. Brown. For purposes of the present Report and Recommendation, the Court evaluates the sufficiency of Plaintiff's Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In the event any of Plaintiff's claims against Ms. Johnston and/or Mr. Brown survive the present Rule 12 analysis, Plaintiff will need to demonstrate proof of service and proper joinder of Ms. Johnston and Mr. Brown in the present case. Defendants maintain that neither Ms. Johnston nor Mr. Brown have been properly served to date and, accordingly, have preserved any future objection to proper service of Ms. Johnston and Mr. Brown. (Defs.' Reply [Docket No. 29], at 1).

"administrative rules and internal agency policies." (Id. ¶¶ 1-2). Again, Plaintiff sues all individual Defendants in both their individual and official capacities. (Id. § V, ¶ 9J).

Plaintiff alleges a virtually identical set of facts surrounding the April 19, 2014 sexual assault as alleged in the original Complaint. Plaintiff alleges that on April 19, 2014, MSOP Security Counselors Pat Grundmeier and Matthew Brown (as opposed to Craig Berg) were training Security Counselor Scott Niemeyer to perform pat-down searches of MSOP patients. (Id. ¶ 12). Plaintiff alleges that Defendant Niemeyer selected Plaintiff and proceeded to conduct a "pat-down search" (i.e., the alleged sexual assault) as alleged in the original Complaint. (Id. ¶¶ 13-16). Plaintiff alleges that both Defendant Grundmeier and Defendant Brown were present for the duration of Defendant Niemeyer's actions and that neither made any attempt to intervene, despite Plaintiff's objections and complaints during the alleged assault. (Id. ¶¶ 17, 28-29). As a result of the alleged sexual assault, Plaintiff alleges that he has experienced flashbacks concerning sexual assaults he experienced as a child. (Id. ¶¶ 19-25).

In his Amended Complaint, Plaintiff specifically alleges five (5) claims against Defendants collectively: one count of unreasonable search and seizure, in violation of the Fourth Amendment and the Minnesota State Constitution; one count of deliberate indifference to Plaintiff's sexual assault, in violation of the Fourteenth Amendment, the Minnesota State Constitution, and various Minnesota statutes; one count of common law failure to protect/breach of duty/negligence; one count of failure to equally protect Plaintiff from the sexual assault; and one count of common law intentional and negligent infliction of emotional distress. (Id. at Counts I-V).

## II.   DEFENDANTS' MOTION TO DISMISS, [DOCKET NO. 18]

Defendants move the Court for an order dismissing Plaintiff's Complaint with prejudice

for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Defs.' Motion to Dismiss, [Docket No. 18]).

Upon review of Plaintiff's now-operative *Amended* Complaint, [Docket No. 27], the Court finds that Plaintiff has not incorporated any new, previously unalleged claims against the Defendants. Additionally, to the extent the Amended Complaint makes factual adjustments and clarifications to Plaintiff's original allegations, the Court concludes that the amendments do not significantly or materially alter the original Complaint but rather serve simply to clarify Plaintiff's existing claims. Therefore, as indicated in its August 11, 2014 Order, in the interests of judicial efficiency, the Court considers Defendants' Motion to Dismiss, [Docket No. 18], originally directed towards Plaintiff's Complaint, as redirected towards Plaintiff's now-operative Amended Complaint.[4]

### A.     Standards of Review

### 1.     Lack of Subject Matter Jurisdiction

"A court must dismiss an action over which it lacks subject matter jurisdiction." Pomerenke v. Bird, No. 12-cv-1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014) (citing Fed. R. Civ. P. 12(h)(3)). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides

---

[4] The Court recognizes that, generally, "an amended complaint supersedes an original complaint and renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (citing, in turn, Washer v. Bullitt County, 110 U.S. 588, 562 (1884) ("When a petition is amended by leave of the court the cause proceeds on the amended petition."))). It follows that, traditionally, "if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot." Onyiah v. St. Cloud State Univ., 655 F. Supp. 2d 948, 958 (D. Minn. 2009) (Erickson, C.M.J.), adopted by 655 F. Supp. 2d 948 (D. Minn. 2009) (Rosenbaum, J.). "If [the defendants] believe[] that certain of the claims in the Amended Complaint fail, [they] must file a new motion aimed at that pleading." Varga v. U.S. Bank Nat'l Assn., 2013 U.S. Dist. LEXIS 46659, at *3 (D. Minn. Apr. 1, 2013) (Kyle, J.). However, in the interests of judicial efficiency and because Plaintiff's Amended Complaint does not introduce any new or unique claims not previously advanced by the original Complaint, the Court construes the Defendants' Motion to Dismiss, [Docket No. 18], as redirected towards Plaintiff's now operative Amended Complaint, especially in light of the fact that Plaintiff filed the Amended Complaint in direct response to Defendants' Motion to Dismiss.

that a party may move to dismiss a pleading for lack of subject matter jurisdiction. Such a motion may challenge at any time the sufficiency of the pleading on its face or may challenge the factual truthfulness of its allegations. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729, n.6 (8th Cir. 1990). In a factual challenge, courts may consider matters outside of the pleadings, and no presumptive truthfulness attaches to the plaintiff's factual allegations. Osborn, 918 F.2d at 729-30, n.6.

## 2.        Failure to State a Claim upon Which Relief May Be Granted

Federal Rule of Civil Procedure 8(a)(2) requires a complaint articulate "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. When evaluating a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, "[courts] look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998)), cert. denied 525 U.S. 1178 (1999). Courts draw all reasonable inferences in favor of the nonmoving party. See Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-67). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 664.

Courts undertake the "context-specific task" of determining whether a plaintiff's allegations "nudge" its claims against a defendant "across the line from conceivable to plausible." See id. at 679-81. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.; see also Farnam Street Fin., Inc. v. Pump Media, Inc., No. 09-cv-233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 556 U.S. at 678).

Even considering the liberal construction courts give *pro se* plaintiffs' pleadings, the facts alleged in a complaint must state a claim for relief as a matter of law. Sorenson v. Minnesota Dep't of Corr., No. 12-cv-1336 (ADM/AJB), 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012) (citing Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980)). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted). See, e.g., Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). "Although pro se pleadings are to be construed liberally, pro se

litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

### B.      Analysis

The Court evaluates Plaintiff's claims as alleged in his now-operative Amended Complaint. However, first, the Court recommends dismissing Defendants Jannine Hebert, Peter Puffer, Jim Berg, Ann Zimmerman, and Craig Berg, as Plaintiff does not name these individuals as Defendants in his Amended Complaint. See, e.g., Bandy v. Southwick, No. 06-cv-0173 (JRT/SRN), 2009 WL 749591, at *9 (D. Minn. Mar. 18, 2009) (dismissing a previously named defendant because he was not named in the plaintiff's operative amended complaint).

### 1.      Plaintiff's Federal Claims against the Entity Defendants and Individual Defendants in their Official Capacities

The Eleventh Amendment prohibits lawsuits against a state unless the state has unequivocally consented to suit or Congress has abrogated the states' immunity for a particular federal cause of action. Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996) (citations omitted); Faibisch v. University of Minnesota, 304 F.3d 797, 800 (8th Cir. 2002). States are entitled to Eleventh Amendment immunity from claims alleged pursuant to 42 U.S.C. § 1983; a state is not a "person" within the meaning of Section 1983. Hadley, 76 F.3d at 1438 ("Section 1983 does not override Eleventh Amendment immunity."); Will v. Michigan Dep't of State Police, 491 U.S. 58, 65, 109 S. Ct. 2304, 2309, 105 L. Ed. 2d 45 (1989). Eleventh Amendment immunity extends to agencies of the state. Minnesota Pharmacists Ass'n v. Pawlenty, 690 F. Supp. 2d 809, 815 (D. Minn. 2010) (citing Florida Dep't of Health & Rehabilitative Servs. v. Florida Nursing Home Ass'n, 450 U.S. 147, 101 S. Ct. 1032, 67 L.Ed.2d 132 (1981)).

Similarly, a suit against a state employee in that employee's official capacity constitutes a suit against the public employer, namely, the state itself. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)); see also Uland v. City of Winsted, 570 F. Supp. 2d 1114, 1119-20 (D. Minn. 2008) (citing Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007); Bankhead v. Knickrehm, 360 F.3d 839, 844 (8th Cir. 2004)). "The law is clear that, 'the real party in interest in an official capacity suit is the governmental entity and not the named official.'" Semler v. Ludeman, No. 09-cv-0732 (ADM/SRN), 2010 WL 145275, at *6 (D. Minn. Jan. 8, 2010) (citing Baker, 501 F.3d at 925 (quoting Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L.Ed.2d 301 (1999))). However, "[i]t is well-settled that in a 42 U.S.C. § 1983 action, the Eleventh Amendment [only] precludes an award of money damages against a state official acting in his or her official capacity. A plaintiff may maintain an action against a government official if the complaint seeks only injunctive or prospective relief." Semler, 2010 WL 145275, at *7 (citations omitted).

As employees of MSOP and the Minnesota Department of Human Services, the individually identified Defendants (namely, Defendants Jesson, Johnston, Moser, Kneisel, Basaraba, Grundmeier, Brown, and Niemeyer) are state officials. The Court necessarily construes Plaintiff's Section 1983 claims against the Minnesota Department of Human Services, MSOP, and the individually identified Defendants in their official capacities as alleged against the employing entity, the State of Minnesota.

The present record before the Court is devoid of any evidence or authority demonstrating either the state's consent to suit or Congressional abrogation of the state's sovereign immunity, and therefore, the Court recommends that Plaintiff's Section 1983 claims as alleged against the Minnesota Department of Human Services, MSOP, and, to the extent Plaintiff seeks *monetary*

*damages,* any and all individually identified state employees sued in their official capacities[5] be dismissed with prejudice for lack of subject matter jurisdiction,. See id. at *6 ("To the extent Plaintiff asserts claims against the Minnesota Department of Human Services, MSOP, or individually identified State Defendants for actions taken in their official capacities pursuant to 42 U.S.C. § 1983, the claims must be dismissed with prejudice.").

**2.     Plaintiff's State Law Claims against the Entity Defendants and Individual Defendants in their Official Capacities**

In addition to federal claims, Plaintiff appears to allege state common law claims against the Defendants. To the extent Plaintiff alleges any state law claims against the Minnesota Department of Human Services, MSOP, and any individually identified Defendants in their official capacities (i.e., state law claims alleged against the State of Minnesota itself, see Section II.B.1, supra), the Court also recommends dismissal with prejudice for lack of subject matter jurisdiction.

"The Eleventh Amendment bars federal court jurisdiction over state law claims against unconsenting states or state officials when the state is the real, substantial party in interest, *regardless of the remedy sought.*" Cooper v. St. Cloud State Univ., 226 F.3d 964, 968 (8th Cir. 2000) (emphasis added).

> [W]hile the Supreme Court has long recognized an exception to Eleventh Amendment immunity permitting suits in federal court against state officials alleged to have violated federal law, at least where the relief sought is only injunctive, Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that exception does not extend to allow such suits based on pendent state-law claims even if the relief sought is limited to prospective injunctive relief[.]

Minnesota Pharmacists Ass'n, 690 F. Supp. 2d at 815 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 105-106 (1984) ("We conclude that Young and Edelman are

---

[5] This analysis and recommendation does not apply to Plaintiff's federal claims to the extent he seeks injunctive relief against any individually identified state employees sued in their official capacities.

inapplicable in a suit against state officials on the basis of state law.")). Accordingly, the Court recommends that Plaintiff's state law claims as alleged against the Minnesota Department of Human Services, MSOP, and any and all individually identified state employees sued in their official capacities be dismissed with prejudice, regardless of the nature of the relief sought, for lack of subject matter jurisdiction.[6]

Accordingly, the only claims that remain before the Court are (1) Plaintiff's claims against the individually identified Defendants in their individual capacities, and (2) Plaintiff's federal claims against the individually identified Defendants in their official capacities for non-monetary, injunctive relief.

### 3.    Plaintiff's Federal Claims against the Individual Defendants

Construing Plaintiff's Amended Complaint liberally, it appears that Plaintiff alleges three (3) specific federal claims against the individual Defendants, pursuant to 42 U.S.C. § 1983. For relief pursuant to 42 U.S.C. § 1983, "a plaintiff must prove (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012) (quoting Shrum ex rel Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001) (citations omitted)). Vicarious liability is not available in actions brought pursuant to 42 U.S.C. § 1983, Beard v. Lockhart, 716 F.2d 544, 545 (8th Cir. 1983); the doctrine of respondeat superior does not apply. Monell v. Dep't of Soc. Servs., 436 U.S. 659, 691 (1978). Accordingly, to state a claim for relief pursuant to Section 1983, a plaintiff must plead sufficient facts to demonstrate that an individual defendant was directly and personally involved in an alleged constitutional violation. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); Clemmons v. Armontrout, 477

---

[6] This would include Plaintiff's state common law claims of intentional and negligent infliction of emotional distress and breach of duty/negligence (Counts III and V of the Amended Complaint).

F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.").

In addition to pleading individual involvement, Plaintiff must first sufficiently plead a violation of a specific constitutional right.

The Court addresses each of Plaintiff's Section 1983 claims in turn.

### a.    Count I: Unreasonable Search and Seizure, in violation of the Fourth Amendment

Plaintiff alleges that Defendants, generally, "committed Unreasonable Searches and Seizures in Violation of the Fourth Amendment to the United States Constitution[.]" (Amended Compl. [Docket No. 27], ¶ 36). Defendants move to dismiss Count I as alleged against all Defendants save Defendant Niemeyer; Defendants concede that Plaintiff has pled sufficient facts to state a Fourth Amendment Section 1983 claim upon which relief may be granted against Defendant Niemeyer. (Defs.' Reply [Docket No. 29], at 3). Count I as alleged against Defendant Niemeyer will, accordingly, proceed.

Plaintiff pleads no facts concerning or implicating any searches and/or seizures other than the isolated April 19, 2014 incident. With the exception of Defendant Niemeyer, Plaintiff fails to allege any direct, personal involvement in performing the search, direct responsibility for the search, or culpable motivation by any other individual Defendant. Because Plaintiff implicates only Defendant Niemeyer's direct participation in the search at issue, Plaintiff fails to allege sufficient facts to implicate the direct, individual involvement of any other Defendant in committing an unreasonable search and/or seizure in violation of Plaintiff's Fourth Amendment rights.

12

As discussed above, liability under Section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights; "[t]he general responsibility . . . for supervising the operation of a [facility] is not sufficient to establish personal liability." <u>Estate of Rosenberg by Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff fails to allege any facts sufficient to indicate that any individual Defendant – aside from Defendant Niemeyer – committed an act in violation of the Fourth Amendment. For this reason, the Court recommends dismissing Count I pursuant to Rule 12(b)(6) for failure to state a Section 1983 Fourth Amendment claim upon which relief may be granted against any individual Defendant save Defendant Niemeyer.

The Court notes that Plaintiff does make one conclusory allegation that seemingly implicates searches beyond the April 19, 2014 incident: "Defendants consistently violated Plaintiffs' Fourth Amendment Right through their search policies, procedures and practices." (Amended Compl. [Docket No. 27], ¶ 39). However, because Plaintiff alleges absolutely zero facts identifying any search and/or seizure aside from the April 19, 2014 incident, this non-specific, conclusory allegation, alone, is insufficient to constitute a plausible Fourth Amendment challenge beyond Defendant Niemeyer's April 19, 2014 conduct. Plaintiff's Amended Complaint very clearly focuses on Defendants' alleged failure to protect Plaintiff from the April 19, 2014 sexual assault; Plaintiff conclusorily implicates all named Defendants only insofar as the existence of pat-down searches at MSOP resulted in *one* unreasonable search: the alleged sexual assault. (<u>Id.</u> ¶ 40: "As part of their practices and policies, Defendants conducted arbitrary pat-down searches of plaintiff anytime he left his work assignment area in the institution, which finally and actually resulted in a sexual assault of the plaintiff."). The Court finds that Plaintiff's

Amended Complaint contains insufficient facts – and does not intend – to challenge any larger MSOP search policies generally.

      **b.**      **Count II: Deliberate Indifference to Risk of Sexual Assault, in violation of the Fourteenth Amendment**

Second, Plaintiff alleges that Defendants, generally and collectively, were deliberately indifferent to Plaintiff's safety and failed to protect Plaintiff from Defendant Niemeyer's sexual assault. (Amended Compl. [Docket No. 27], ¶¶ 45-47).

"Although an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner." Revels v. Vincenz, 382 F.3d 870, 874 (8th Cir. 2004). Accordingly, although deliberate indifference claims proceed under the Fourteenth Amendment when alleged by a civilly committed plaintiff, as Plaintiff correctly identifies in his Amended Complaint, the Eighth Amendment deliberate indifference standard of review applies. Id.; Senty-Haugen v. Goodno, 462 F.3d 876, 889 (8th Cir. 2006).

The Eighth Amendment to the United States Constitution prohibits the government from inflicting "cruel and unusual punishments" on persons convicted of crimes. See Rhodes v. Chapman, 425 U.S. 337, 344-46 (1981). A prison official (or, in the present case, an employee at a state civil commitment facility) may violate the Eighth Amendment if he or she is deliberately indifferent to the need to protect an inmate from a substantial risk of harm. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). To plead deliberate indifference in this regard, a plaintiff must make a two-part showing: (1) that, when viewed objectively, the alleged deprivation of rights was sufficiently serious, and (2) that the defendant, subjectively, had the requisite "culpable state of mind." Irving v. Dormire, 518 F.3d 441, 446 (8th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The deprivation is "objectively, sufficiently serious"

when the official's failure to protect results in the inmate being "incarcerated under conditions posing a substantial risk of serious harm." Id. An official is deliberately indifferent when he or she actually knows of the substantial risk and fails to respond reasonably. Irving, 518 F.3d at 844-45.

In support of his deliberate indifference claim, Plaintiff specifically alleges that Defendants Grundmeier and Brown were present for the duration of the alleged sexual assault and that, despite Plaintiff's contemporaneous complaints and objections, they failed to intervene. (Amended Compl. [Docket No. 27], ¶¶ 12, 17, 28). With respect to all other Defendants, Plaintiff conclusorily alleges that "the Defendants knew that a substantive and substantial risk of harm to Plaintiff at the hands of S.C. Scott Niemeyer were prevalent by all standards of common decency and Minnesota Statute[,]" and that "[a]ll Defendants, including but not limited to Jesson, Moser, Kneisel, Basaraba, in their individual as well as their official capacity, were each aware of the policies and practices that were implemented at MSOP and were relevant to the specific acts and omissions listed within this complaint and did nothing to prevent this conduct from occurring, and further failed to train and supervise the subordinate Defendants' in this matter." (Id. ¶¶ 31, 47).

First and foremost, Plaintiff fails to allege facts sufficient to implicate the individual, direct deliberate indifference of any Defendants save Grundmeier and Brown. Plaintiff's allegations implicating all Defendants generally are conclusory at best and do not specifically identify that they possessed actual knowledge of Plaintiff's substantial risk. Beyond direct, personal involvement in committing a constitutional violation, a prison official (or, in this case, an employee at a state civil commitment facility) may not be liable under Section 1983 for simply being a negligent supervisor, as Plaintiff seemingly attempts to allege. Ambrose v.

Young, 474 F.3d 1070, 1079 (8th Cir. 2007). A supervising government official may be liable only if the plaintiff demonstrates "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that [the government official] can reasonably be said to have been deliberately indifferent to the need." Id. at 1079-80 (quoting Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996) (quoting, in turn, City of Canton v. Harris, 489 U.S. 378, 390 (1989))). "A failure to supervise claim may be maintained only if the official 'demonstrated deliberate indifference or tacit authorization of the offensive acts.'" Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007) (quoting Liebe v. Norton, 157 F.3d 574, 579 (8th Cir. 1998) (citation and quotations omitted)). The subjective deliberate indifference standard articulated above requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (quoting Farmer, 511 U.S. at 837). If the risk was obvious, a fact finder may conclude that the prison official knew of the substantial risk. Id. at 552. In the present case, Plaintiff alleges *no facts* to indicate that any Defendants – aside from Grundmeier and Brown – had *any* actual knowledge of *any* facts from which the Defendants could draw the inference that Plaintiff faced a substantial risk of harm. Accordingly, the Court recommends dismissal of Count II pursuant to Rule 12(b)(6) with respect to all Defendants save Grundmeier and Brown.

With respect to Defendants Grundmeier and Brown, Plaintiff's Amended Complaint still fails to sufficiently allege or implicate any actual, subjective belief by either Defendant of Plaintiff's substantial risk of sexual assault. Plaintiff alleges that Defendants Grundmeier and Brown were present during the alleged sexual assault and, accordingly, had knowledge of Plaintiff's substantial risk. Plaintiff alleges that during the assault, Plaintiff was "irritated" and

complained and objected to Defendant Niemeyer's conduct, and that Defendants Grundmeier and Brown were aware of Plaintiff's complaints. However, Plaintiff ultimately fails to plead facts sufficient to indicate that Defendants Grundmeier and/or Brown were *actually aware* that Plaintiff faced sexual assault. "Deliberate indifference requires a showing that the official knew the risk existed, but disregarded it." Spruce v. Sargent, 149 F.3d 783, 785 (8th Cir. 1998). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835 (1994). Plaintiff's allegation that Defendants Grundmeier and Brown were aware that Plaintiff objected to Niemeyer's conduct is ultimately insufficient to implicate specific knowledge of a serious, impending risk of sexual assault *and* insufficient to plead actual knowledge of an impending sexual assault and deliberate disregard thereof. To be liable for deliberate indifference, an "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also *draw the inference*." Farmer, 511 U.S. at 837 (emphasis added). While Plaintiff's allegation that he loudly objected to and identified that Niemeyer was sexually assaulting him may be sufficient to plead a single fact from which Defendants Grundmeier and/or Brown may have been able to draw an inference of substantial risk of serious harm, Plaintiff alleges no facts that would tend to suggest that Defendants Grundmeier and/or Brown *did* indeed draw the inference. In fact, the allegations contained in Plaintiff's Amended Complaint tend to suggest that Defendants Grundmeier and Brown did not draw the inference and instead believed that the staff-facilitated pat-down search was being conducted appropriately. As a result, the Court finds that nothing in Plaintiff's Amended Complaint is sufficient to plausibly plead any Defendant's actual knowledge or belief of Plaintiff's risk of sexual assault, and, as a result, Plaintiff's allegations do not "nudge" his

claims against the Defendants "across the line from conceivable to plausible." Iqbal, 556 U.S. at 679-81.[7]

For the foregoing reasons, Plaintiff's Amended Complaint fails to sufficiently plead a violation of Plaintiff's Fourteenth Amendment rights via deliberate indifference to a substantial risk of serious harm, and the Court recommends dismissal of Count II pursuant to Rule 12(b)(6) for failure to state a Section 1983 claim upon which relief may be granted.

### c.   Count IV: Fourteenth Amendment Equal Protection Violation

Third, Plaintiff alleges that Defendants Grundmeier and Brown "failed to equally protect the plaintiff from sexual assault." (Amended Compl. [Docket No. 27], ¶ 54).

To plead an actionable equal protection claim, a plaintiff must allege facts sufficient to demonstrate that he has been treated differently from similarly situated individuals. Karsjens v. Jesson, 6 F. Supp. 3d 916, 935 (D. Minn. 2014) (citing Bogren v. Minnesota, 236 F.3d 399, 408 (8th Cir. 2000); Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994) (stating that to sustain an equal protection claim, a plaintiff must show that he belongs to a group that had been treated less favorably than others who are "similarly situated"); see also Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 815 (8th Cir. 2008) ("In order to establish such an equal protection claim, a prisoner must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a 'fundamental right.'"); Beaulieu v. Ludeman, No. 07-cv-1535, 2008 WL 2498241, at *12 (D. Minn. June 18, 2008)

---

[7] See, in contrast, Nelson v. Shuffman, 603 F.3d 439, 447 (8th Cir. 2010) (wherein the alleged assailant's previous instances of sexual assault while in jail, specific incidents of soliciting sex from other residents, "relentless barrage of physical and sexual threats, assaultive and sexually explicit behavior, and related violent and aggressive misconduct," and time spent in isolation and restraints allowed the court to find that plaintiff could sustain his claim that defendants had actual knowledge that plaintiff had indeed faced an objectively serious risk of harm by being placed in a room with the defendant). Unlike the facts in Nelson, supra, Plaintiff in the present case does not plead any facts indicating any individual Defendant's subjective awareness of past predatory/assaultive behavior or any other specific facts that would even suggest their actual knowledge of a sexual assault by Defendant Niemeyer. Id. In fact, Plaintiff's Amended Complaint indicates absolutely no lead-up to the April 19, 2014 incident that may have alerted any Defendants to its fruition.

("Absent a threshold showing that plaintiffs are similarly situated to those who allegedly receive favorable treatment, plaintiffs do not have a viable equal protection claim.")).

Plaintiff fails to allege any specific facts in his Amended Complaint sufficient to demonstrate that he has been treated any less favorably than similarly situated individuals. In fact, Plaintiff references no other similar situations or similarly situated individuals. Plaintiff's factual offering in support of an equal protection violation is minimal, at best. Plaintiff only conclusorily alleges that "surely by not applying the equality of the laws to the Plaintiff when they sought reasonable remedy to effectuate his safety, the Defendants' surely then did not provide, nor apply, equal protection standards to the Plaintiff as those persons whom where same or similarly situated at the times of the specific acts and omissions listed herein this complaint." (Amended Compl. [Docket No. 27], ¶ 59).

As a result of Plaintiff's minimal, purely conclusory factual allegations, Plaintiff fails to allege any Fourteenth Amendment Equal Protection violation, and the Court recommends dismissal of Count IV pursuant to Rule 12(b)(6) for failure to state a Section 1983 claim upon which relief may be granted.

### d. Plaintiff's Passing References to Other Miscellaneous Causes of Action

The Court notes that in paragraph 1 of Plaintiff's Amended Complaint, Plaintiff makes a passing reference to his rights to procedural and substantive due process. However, Plaintiff never again references any direct violations of his procedural and/or substantive due process rights. Accordingly, to the extent that Plaintiff's Amended Complaint may be liberally construed as alleging violations of procedural and/or substantive due process (a generous interpretation, indeed), Plaintiff fails to allege *any* facts in support, and the Court recommends dismissing these *de minimus* claims pursuant to Rule 12(b)(6).

Similarly, Plaintiff references the Patient's Bill of Rights, the Civil Commitment and Treatment Act, and unidentified "administrative rules and internal agency policies." (Amended Compl. [Docket No. 27], ¶ 2). Because Plaintiff merely mentions each of these causes of action in passing and articulates no specific allegations with respect to these miscellaneous causes of action, the Court recommends summarily dismissing pursuant to Rule 12(b)(6) any potential claims pursuant to the Patient's Bill of Rights, the Civil Commitment and Treatment Act, and unidentified "administrative rules and internal agency policies."

For the foregoing reasons, the Court recommends that Defendants' Motion to Dismiss, [Docket No. 21], be **GRANTED** pursuant to Rules 12(b)(1) and 12(b)(6) with respect to all of Plaintiff's federal claims as alleged against any and all Defendants.[8]

### 4.      Plaintiff's State Law Claims against Individual Defendants

Remaining before the Court are Plaintiff's state law claims as alleged against the individual Defendants in their individual capacities, including negligence (Count III) and intentional and negligent infliction of emotional distress (Count V). Supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) by a federal court over state law claims may be exercised at the discretion of the district court. <u>Glorvigen v. Cirrus Design Corp.</u>, 581 F.3d 737, 749 (8th Cir. 2009).

Because the Court recommends granting Defendants' Motion to Dismiss, [Docket No. 18], with respect to all federal claims alleged in the Amended Complaint against any and all Defendants with the exception of Count I as alleged against Defendant Niemeyer, the Court also recommends declining to exercise supplemental jurisdiction over the remaining state law claims

---

[8] The Court recommends that Plaintiff's Section 1983 claims and all state law claims as alleged against the Minnesota Department of Human Services and MSOP be dismissed <u>with prejudice</u>; that Plaintiff's Section 1983 claims for monetary damages and all state law claims for any relief as alleged against any and all individually identified state employees sued in their official capacities be dismissed <u>with prejudice</u>; and that Plaintiff's remaining claims be dismissed <u>without prejudice</u>, pursuant to Rule 12(b)(6).

against those dismissed defendants. See Gregoire v. Class, 236 F.3d 413, 419-20 (8th Cir. 2000) (stating federal courts should exercise judicial restraint and avoid state law issues whenever possible).

However, the Court also recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims as alleged against Defendant Niemeyer because the state law claims would outweigh and overshadow the sole, discrete remaining federal claim against Niemeyer. "[Supplemental jurisdiction] justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id. If it appears that state issue(s) predominate, courts have tended towards dismissing said state law claims without prejudice, to be left for resolution by the state courts. Id.

Because the remaining state law claims would outweigh over the sole, discrete remaining federal claim against Defendant Niemeyer in the Amended Complaint, the Court recommends declining to exercise supplemental jurisdiction over any of Plaintiff's state law claims asserted in the Amended Complaint.

## III.    PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT, [DOCKET NO. 30]

Plaintiff requests the Clerk of Courts enter default judgment in his favor, pursuant to Federal Rule of Civil Procedure 55, arguing that Defendants failed to respond to Plaintiff's Amended Complaint. (See [Docket No. 30]).

Because the Court construed Plaintiff's Amended Complaint as his response to Defendants' Motion to Dismiss, [Docket No. 18], and directed the Defendants to address the effect the Amended Complaint would have on the pending motion to dismiss, if any, Defendants were not required to file a separate responsive pleading to Plaintiff's Amended Complaint. The Court recommends that default pursuant to Rule 55 be held improper and denied as moot.

## IV.    CONCLUSION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED:**

1. That Defendants Jannine Hebert, Peter Puffer, Jim Berg, Ann Zimmerman, and Craig Berg be **DISMISSED** from the present case, as Plaintiff does not identify these individuals as Defendants in his operative Amended Complaint;

2. That Defendants' Motion to Dismiss, [Docket No. 18], be **GRANTED** in its entirety;

3. That the Court decline to exercise supplemental jurisdiction over any and all of Plaintiff's state law claims as alleged in the Amended Complaint;

4. That Count I of the Amended Complaint as alleged against Defendant Niemeyer be the sole surviving claim; and

5. That a clerk's entry of default and entry of default judgment in Plaintiff's favor be determined improper and denied as moot.

Dated: January 9, 2015                             **s/ Leo I. Brisbois**
                                                   Leo I. Brisbois
                                                   U.S. MAGISTRATE JUDGE

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 23, 2015**, a writing that

specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by February 6, 2015**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.