UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES MICHAEL GEIGER, | Civil No. 14-1576 (JRT/LIB) |
| Plaintiff, | |
| v. | |
| MINNESOTA DEPARTMENT OF HUMAN SERVICES, MINNESOTA SEX OFFENDER PROGRAM, LUCINDA JESSON, KEVIN MOSER, TERRY KNEISEL, TROY BASARABA, PAT GRUNDMEIER, SCOTT NIEMEYER, JOHN AND JANE DOE (whose true names are unknown), NANCY JOHNSTON, AND MATTHEW BROWN, | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Defendants. | |

Charles Michael Geiger, MSOP-Moose Lake, 111 Minnesota 73, Moose Lake, MN 55767, *pro se*.

Aaron Winter, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for defendants.

Plaintiff Charles Michael Geiger ("Geiger") is a patient civilly committed to the Minnesota Sex Offender Program ("MSOP"). On May 19, 2014, Geiger filed this action against the Minnesota Department of Human Services ("DHS"), MSOP, and multiple individual officers and employees at DHS and MSOP (collectively, "Defendants"), alleging that a security counselor at MSOP sexually assaulted Geiger while other security

counselors looked on and failed to intervene. Defendants moved to dismiss Geiger's complaint, and Geiger filed an Amended Complaint. On January 9, 2015, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' motion to dismiss the Amended Complaint as to DHS, MSOP, and all individual defendants except for Scott Niemeyer on Count I.

Neither party objected to the R&R within fourteen days of its entry, and on January 26, 2015, this Court entered an Order adopting the R&R. (Order Adopting R&R, Jan. 26, 2015, Docket No. 36.) Three days later, Geiger filed a Memorandum of Law in Opposition to Defendants' Motion to Defendants' Request for Entry of Default and Default Judgment. Geiger's filing appears to be a challenge to the Magistrate Judge's recommendation that the Court deny **Geiger's** motion for entry of a default under Rule 55. The Court will therefore construe the filing as an objection to that portion of the Magistrate Judge's R&R.

Geiger is proceeding *pro se*. Because his objection, mailed from MSOP, arrived at the Court only three days after the deadline for filing objections to the R&R and the brief delay does not seem to have prejudiced Defendants, the Court will withdraw its previous Order adopting the R&R and evaluate Geiger's current objection. After reviewing Geiger's arguments, the Magistrate Judge's R&R, and the record in this case, the Court concludes that default would not be appropriate. Accordingly, the Court will overrule Geiger's objection, adopt the R&R, and grant Defendants' motion to dismiss as to all defendants except Scott Niemeyer on Count I of Geiger's Amended Complaint.

**BACKGROUND**

Geiger's Amended Complaint alleges that on April 19, 2014, security counselors Pat Grundmeier and Matthew Brown were training security counselor Scott Niemeyer to conduct pat down searches of MSOP patients. (Am. Compl. ¶ 12, Aug. 8, 2014, Docket No. 27.) Three patients were in line for pat down searches, and Niemeyer said to Geiger, "I choose you first." (*Id.* ¶ 13 (emphasis omitted) (internal quotation marks omitted).) Geiger alleges that Niemeyer pinched his chest, groin, stomach, and buttocks. (*Id.*) Geiger further alleges that Niemeyer put his hands down Geiger's pants, touched and grabbed his buttocks and groin area, and touched his penis and testicles. (*Id.* ¶¶ 14-15.) Geiger claims that Niemeyer then used a security wand between Geiger's legs, striking him in the groin and buttocks. (*Id.* ¶ 16.) Throughout this time, Geiger maintains that Grundmeier and Brown were present but did not say or do anything to prevent the abuse from occurring. (*Id.* ¶ 17.) Geiger's original complaint alleged precisely the same underlying conduct as the source of his claims. (Compl. ¶¶ 11-12, May 19, 2014, Docket No. 1.)

On July 8, 2014, Defendants moved to dismiss Geiger's original complaint. (Defs.' Mot. to Dismiss, July 8, 2014, Docket No. 18.) The next day, the Magistrate Judge ordered that if Geiger "wishes to respond to Defendants' Motion to Dismiss, [Docket No. 18], his Response is due by no later than Friday, August 8, 2014." (Order, July 9, 2014, Docket No. 24 (emphasis omitted).) On August 8, Geiger filed an Amended Complaint that altered which officers Geiger named as defendants, removed

references to a second plaintiff, and altered some language in the description of the counts in the Amended Complaint. (Am. Compl.)

In light of his July 9 Order setting a deadline for Geiger to respond to Defendants' motion, the Magistrate Judge interpreted Geiger's Amended Complaint as a response to that motion. On August 11, 2014, Magistrate Judge Brisbois ordered:

> In accordance with the Court[']s previously set briefing schedule, [Docket No. 24], the Court construes Plaintiff[']s Amended Complaint, [Docket No. 27], as his response to Defendants['] Motion to Dismiss, [Docket No. 18]. Thus, in accordance with the Court[']s briefing schedule, [Docket No. 24], Defendants, if they choose to submit a reply memorandum, shall address the effect Plaintiff[']s Amended Complaint has on the pending motion to dismiss, if any. Defendants['] reply remains due on or before August 22, 2014.

(Order, Aug. 11, 2014, Docket No. 28.)  Following these instructions, Defendants submitted a reply memorandum on August 22, 2014, explaining why they believed Geiger's Amended Complaint would fail to survive the motion to dismiss. (Defs.' Reply Mem. of Law in Supp. of Mot. to Dismiss, Aug. 22, 2014, Docket No. 29.)  Geiger applied for entry of default against all Defendants for failure to answer the Amended Complaint on December 18, 2014. (Pl.'s Req. for Entry of Default, Dec. 18, 2014, Docket No. 30.)

The Magistrate Judge briefly addresses Geiger's application for entry of default in the January 9, 2015 R&R. He explained that "Defendants were not required to file a separate responsive pleading to Plaintiff's Amended Complaint" because the court had interpreted the Amended Complaint as a response to Defendants' motion to dismiss and instructed Defendants to reply accordingly. (R&R at 22, Jan. 9, 2015, Docket No. 35.)

The Magistrate Judge recommended "that default pursuant to Rule 55 be held improper and denied as moot." (*Id.*)  This matter is now before the Court on Geiger's objection to the Magistrate Judge's Rule 55 default recommendation.

## ANALYSIS

I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

II.  ENTRY OF A DEFAULT AND DEFAULT JUDGMENT

A.   Rule 55 Default Provisions

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "A Judgment of default may, thereafter, be entered on application to the Court."  *Semler v. Klang*, 603 F. Supp. 2d 1211, 1218 (D. Minn. 2009); *see also* Fed. R. Civ. P. 55(b).  "The Federal Rules of Civil Procedure commit the entry of a default

judgment against a party to the sound discretion of the trial court." *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977).  There is a strong judicial policy against default judgments and a "preference for adjudication on the merits." *See Oberstar v. FDIC*, 987 F.2d 494, 504 (8th Cir. 1993).

### B. Defendants' Failure to Respond to Geiger's Amended Complaint

Having reviewed the record and Geiger's arguments, the Court finds that Defendants' response to the Amended Complaint was proper and entry of default is not warranted here.  Defendants responded to the Amended Complaint in the manner they did because the Magistrate Judge directed them to do so.  The Court concludes that Defendants are not attempting to avoid responding to Geiger's allegations.  Two weeks after the Court initially adopted the Magistrate Judge's R&R on this issue, Defendants filed an Answer to Geiger's Amended Complaint.  (Defs.' Answer to Pl.'s First Am. Compl., Feb. 9, 2015, Docket No. 38.)  "'[W]here a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits.'" *Gold'n Plump Farms Ltd. P'ship, LLP v. Midwest Warehouse & Distrib. Sys., Inc.*, No. 12-3198, 2014 WL 107777, at *8 (D. Minn. Jan. 10, 2014) (quoting *Am. States Ins. Corp. v. Tech. Surfacing, Inc.*, 178 F.R.D. 518, 521 (D. Minn. 1998)).  Prior to the Court's adoption of the R&R, allowing the case to proceed on Count I as to Niemeyer, there was no reason for Defendants to respond in the form of an Answer because the court had announced that

it was construing Geiger's Amended Complaint as purely responding to Defendant's motion to dismiss the original complaint.

Because trial courts have discretion to grant – or refuse to grant – a default, and because there is a strong judicial preference for deciding a case on the merits rather than disposing of a case on technical grounds, the Court finds that it would not be appropriate to enter a default in this case.  Defendants have expressed clear interest in continuing to contest the action, and the only reason they did not submit a responsive pleading sooner seems to be that the Court instructed them to treat the Amended Complaint as a responsive memorandum.  Because the Court finds Defendants' actions in this respect to be both reasonable and appropriate, the Court will overrule Geiger's objection and exercise its discretion not to order entry of default against all Defendants.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Geiger's objection [Docket No. 37] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 35].  **IT IS HEREBY ORDERED** that**:**

1. The Court's Order Adopting Report and Recommendations dated January 26, 2015 [Docket No. 36] is **VACATED**.

2. Defendants' Motion to Dismiss [Docket No. 18] is **GRANTED**.

   a. Defendants Minnesota Department of Human Services, Minnesota Sex Offender Program, Lucinda Jesson, Jannine Hebert, Kevin Moser, Peter

- 8 -

Puffer, Jim Berg, Ann Zimmerman, Terry Kneisel, Troy Basaraba, Pat Grundmeier, Craig Berg, John Doe, Jane Doe, Nancy Johnston, and Matthew Brown are **DISMISSED**.

      b.    Count I of the Amended Complaint as alleged against Defendant Niemeyer will proceed as Geiger's sole remaining claim.

    3.    The Court declines to exercise supplemental jurisdiction over any and all of Geiger's state law claims as alleged in the Amended Complaint.

    4.    That entry of default and entry of default judgment in Geiger's favor is improper and **DENIED as moot**.

DATED: March 25, 2015　　　　　　　　　　　\_\_\_\_s/ John R. Tunheim\_\_\_\_  
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge